# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| BRENDA MARTINEZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | EP-17-CV-285-PRM | |
| § | | |
| COSTCO WHOLESALE § | | |
| CORPORATION, § | | |
|     Defendant. § | | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On this day, the Court considered Plaintiff Brenda Martinez's "Motion to Remand" (ECF No. 5) [hereinafter "Motion"], filed on October 11, 2017, Defendant Costco Wholesale Corporation's "Response to Plaintiff's Motion for Remand" (ECF No. 6) [hereinafter "Response"], filed on October 18, 2017, and Plaintiff's "Reply" (ECF No. 7) [hereinafter "Reply"], filed on October 23, 2017, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted for the reasons that follow.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she suffered an injury in the course and scope of her employment with Defendant. Not. Removal Ex. A at 2, Sept. 11, 2017, ECF No. 1. Specifically, Plaintiff alleges that she

suffered an injury while "performing her duties as a stocker" when a box slipped and bent Plaintiff's arm as she tried to catch it. *Id.* As a result, Plaintiff brought suit against Defendant for negligence and premises liability in state court. *Id.* at 2–3.

On September 11, 2017, Defendant removed the case to federal court alleging that "removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction." Not. Removal 1. The section immediately following that sentence, titled "II. DIVERSITY JURISDICTION," contains solely this statement: "Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000." Not. Removal 2. The Notice of Removal provides no further information about the citizenship of either party or the amount in controversy alleged.[1] On October 11, Plaintiff filed the instant Motion requesting that the Court remand the

---

[1] While Plaintiff's original state-court petition, which is attached to the Notice of Removal, does provide details about the parties' respective citizenship, Defendant makes no reference to this information in the Notice. For Defendant's own sake, the Court will not assume that Defendant adopts any statement in the original petition as true without some sort of affirmative indication of such from Defendant. Without any indication here, the Court will only accept the allegations on the face of the Notice of Removal as pertinent to its analysis.

case because her claims allegedly arise under the Texas Worker's Compensation Act ("TWCA"), and are, therefore, nonremovable. Mot. 1.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties." *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). "Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259.

Removal from state court raises significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).  To show "diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration omitted) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)).  "In cases involving corporations, 'allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.'" *Arnold Refrigeration, Inc. v. Quality Custom Distribution Servs., Inc.*, No. 5:15-CV-00591-RP, 2015 WL 6690133, at *2 (W.D. Tex. Oct. 30, 2015) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

"These rules are straightforward, and the law demands strict adherence to them." *Getty Oil Corp.*, 841 F.2d at 1259.  "[A] failure to adequately allege the basis for diversity jurisdiction 'mandates dismissal.'" *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 65 (5th Cir. 2010) (citing *Stafford*, 945 F.2d at 805).

## III. ANALYSIS

The Motion and subsequent briefing discuss only whether Plaintiff's nonsubscriber negligence claim is removable pursuant to 28 U.S.C. § 1445(c). Neither party mentions jurisdiction in their respective briefs, and Plaintiff does not appear to contest jurisdiction. However, after reviewing the pertinent documents, the Court finds that the Notice of Removal itself failed to adequately allege grounds on which the Court can exercise diversity jurisdiction over this matter.[2] Thus, the Court concludes that the Motion to Remand should be granted.

### A. The Court's Discretion to Remand

As an initial matter, it is important to ensure that the Court has discretion to remand the case based on a defect in the Notice of Removal that Plaintiff did not mention in its Motion. The Fifth Circuit has made clear that a failure to allege sufficient jurisdictional facts in a notice of removal is a procedural defect rather than a jurisdictional one. *In re Allstate Ins. Co.*, 8 F.3d 219, 222 ("[F]ailure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was

---

[2] The Court makes no comment on the legal substance of Plaintiff's Motion because of its decision regarding the separate procedural issue of failing to properly allege jurisdictional information.

5

filed constitutes a procedural, rather than jurisdictional, defect."). District courts do not have discretion to remand a case sua sponte due to procedural defects. *Id.* (There is no "discretion in the district court to remand for procedural defects on its own motion.").

However, when a party properly moves for remand pursuant to 28 U.S.C.A. § 1447(c), district courts do have authority to consider procedural defects not raised in the moving party's motion. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (rejecting the argument that "a district court is not authorized under § 1447(c) to remand a case for reasons that are not listed in the original motion for remand"). The court in *Schexnayder* drew a distinction between cases where plaintiffs had filed a motion to remand, and cases where they had not and the district court remanded sua sponte. The court noted that the prohibition against sua sponte remand was based on a concern over "depriv[ing] both sides of their preferred forum" where it is unknown whether the plaintiff may ultimately "acquiesce[ ] in federal jurisdiction." *Id.* at 285. However, once the plaintiff has filed a motion to remand "the concern [over] 'depriv[ing] both sides of their preferred forum' . . . is baseless" because the moving

6

party has indicated their opposition to removal. *Id.* (quoting *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001)). This alleviates the concern of district courts "usurping" the parties' joint decisionmaking regarding forum because one party has "explicitly refused to 'acquiesce' to the choice of forum." *Id.* at 284–85. Thus, a district court that "raises an *issue* on its own initiative" in remanding a case—as long as there is a properly filed motion to remand—does not abuse its discretion to remand. *Id.* at 284.

B.  **Deficient Jurisdictional Allegations**

In the Notice of Removal, Defendant provides only a brief summary of the provisions of 28 U.S.C. § 1332, stating that the Court "has diversity jurisdiction over actions between citizens of different states where the amount in controversy . . . exceeds $75,000." Not. Removal 2. However a brief summary of jurisdictional requirements, without any further factual elaboration regarding how the parties fulfill those requirements, is insufficient to adequately allege subject-matter jurisdiction over a removed case. *See Moore v. Gladiator Events*, LLC, No. 3:15-CV-01877-M, 2015 WL 5459625, at *2 (N.D. Tex. Sept. 15,

7

2015) ("Because, in its Original Notice, Gladiator provided only its place of legal organization and principal place of business, and not the citizenship of its members, Gladiator failed properly to allege complete diversity."); *ALMS, Ltd., L.L.P. v. Guzman*, No. CIV.A.3:98-CV-1798-G, 1998 WL 684245, at *1 (N.D. Tex. Sept. 25, 1998) ("Because Guzman's allegation fails to properly describe ALMS's place of citizenship, it cannot support removal on the basis of diversity jurisdiction."); *Ditcharo v. Wal-Mart Stores E., LP*, No. 1:15-CV-312-HSO-JCG, 2015 WL 7078761, at *3 (S.D. Miss. Nov. 13, 2015) (remanding a case where the defendant stated that citizenship of a limited partnership is "based upon the citizenship of each of its partners," but failed to actually allege the citizenship of any of its partners).

Here, Defendant failed to identify the state where Plaintiff is a citizen, the state where Defendant is a citizen, or where Defendant's principal place of business is located. Thus, Defendant did not comply with the Fifth Circuit's clear mandate to "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919. Further, Defendant makes no mention of the specific amount in controversy in this dispute. Again, this does not demonstrate "strict

adherence" to the pleading requirements in a notice of removal. *Getty Oil Corp.*, 841 F.2d at 1259. Thus, the Court concludes that Defendant did not adhere to proper procedure in removing this case, and therefore that Plaintiff's Motion should be granted.[3]

C. **Amendment of the Notice of Removal**

The Court recognizes that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see also Menendez*, 364 F. App'x at 66 ("[T]he district court did not abuse its discretion by allowing the defendants to amend their notice of removal to allege facts supporting diversity jurisdiction."). The Court also understands that many other district courts frequently allow defendants to submit amendments or further information to cure deficient allegations. *See, e.g.*, *Moore*, 2015 WL 5459625 at *3–4 (granting a motion to amend the notice of removal

---

[3] A recent case that both Plaintiff and Defendant cite and attach as an exhibit to their respective briefs provides an example of how jurisdictional information should be presented in a notice of removal. *See Casas v. R&L Carriers, Inc.*, No. EP-17-CV-122-PRM, slip op. (W.D. Tex. June 12, 2017). The notice of removal in *Casas* clearly set forth the plaintiff's citizenship, the defendant's citizenship (including the principal place of the business and the place of incorporation), and the alleged amount in controversy. *See* Not. Removal, Apr. 21, 2017, EP-17-CV-122-PRM, ECF No. 1. Accordingly, the Court denied remand in that case after carefully considering the arguments presented by the parties.

where the initial jurisdictional allegations were "defective"); *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) ("[B]y submitting [an] affidavit, Defendant has remedied its failure to set forth the citizenship of its members in its Notice of Removal."). However, it has been well over a month since Defendant filed its Notice of Removal (filed September 11, 2017). Plaintiff filed a Motion to Remand that is now ripe for review after both sides were afforded a full briefing schedule. Despite ample opportunity and time, Defendant has not moved to amend its Notice of Removal. Without a request to amend the deficient Notice of Removal, the Court declines to correct the defective Notice for the Defendant. Thus, the Court has no option but to remand this case for failure to properly allege jurisdiction.

## IV.  CONCLUSION

The Court finds that the Notice of Removal is defective due to Defendant's failure to distinctly and affirmatively allege facts supporting diversity jurisdiction.

Accordingly, **IT IS ORDERED** that Plaintiff Brenda Martinez's "Motion to Remand" (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Brenda Martinez's claim is **REMANDED** to the El Paso County Court at Law Number Six, under Cause Number 2017-DCV-2601.

**SIGNED** this **30th day** of **October, 2017**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**